IRVING TRUST CO., TRUSTEE IN BANKRUPTCY, *v.* A. W. PERRY, INC.

No. 22. Argued November 5, 6, 1934.—Decided December 3, 1934.

Mr. *Edward K. Hanlon,* with whom Mr. *Charles K. Beekman* was on the brief, for petitioner.

Mr. *Thomas F. Dougherty,* with whom *Messrs. Albert Stickney* and *Hersey Egginton* were on the brief, for respondent.

By leave of Court, briefs *amicorum curiae* were filed by *Messrs. Walter E. Hope* and *H. Struve Hensel* on behalf of the Trustees in Bankruptcy of Louis K. Liggett Co., in support of petitioner; and *Messrs. Thomas Hunt* and *Earle W. Carr* on behalf of the Trustees of the A. Shuman Real Estate Trust, in support of respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The respondent was lessor in a lease having a number of years to run at the date of the tenant's bankruptcy. The writing stipulated:

". . . for the more effectual securing to the Lessor of the rent and other payments herein provided, it is agreed

as a further condition of this lease that the filing of any petition in bankruptcy or insolvency by or against the Lessee shall be deemed to constitute a breach of this lease, and thereupon, ipso facto and without entry or other action by the Lessor, this lease shall become and be terminated; and, notwithstanding any other provisions of this lease, the Lessor shall forthwith upon such termination be entitled to recover damages for such breach in an amount equal to the amount of the rent reserved in this lease for the residue of the term hereof less the fair rental value of the premises for the residue of said term."

Respondent filed a proof of claim, based upon this clause, which the referee expunged. The District Court affirmed the order. The Circuit Court of Appeals, reversing the decree of the District Court, directed that the claim should be allowed.[1] The case is here upon writ of certiorari.

Decision is to be made under §§ 1 (11) and 63 (a) and (b) of the Act of July 1, 1898, as they stood prior to the filing of the petition on September 30, 1932, and the presentation of respondent's proof of claim on March 29, 1933.[2] The subsequent amendments of June 7 and 18, 1934,[3] are by their terms inapplicable.

In *Manhattan Properties, Inc.* v. *Irving Trust Co.*, 291 U. S. 320, we reserved the question of the provability of a claim for liquidated damages arising upon such a covenant. The petitioner's contention is that inasmuch as claims for future rent, or for damages for the breach of the covenant to pay rent, or claims upon contracts of indemnity conditioned upon reëntry by the landlord subsequent to bankruptcy, were there held not provable, it logically follows that a claim for stipulated damages for

---

[1] 69 F. (2d) 90.

[2] U. S. C. Tit. 11, §§ 1 and 103.

[3] Public No. 296 [c. 424, 48 Stat. 911] and Public No. 387 [c. 580, 48 Stat. 991], 73d Congress.

breach of the lease may not be proved. We hold otherwise.

By the terms of the contract the filing of the petition in bankruptcy was, of itself, and irrespective of the election of lessor or lessee, a breach of the lease. The claim of the landlord, consequent upon the breach, arose and matured at the moment of the filing of the petition. The claim is not for rent reserved or upon the lease as such, but is founded upon an independent express contract, and hence within the very words of § 63 (a) 4.

The Circuit Court construed the stipulation as an agreement on the part of the tenant to pay as liquidated damages, in the event of the specified breach, an amount equal to the difference between the present fair value of the remaining rent due under the lease and the present fair rental value of the premises for the balance of the term. The covenant is fairly susceptible of this construction. So read, the court held the clause provided a reasonable formula for ascertaining the damages of the landlord, did not smack of a penalty, and was therefore enforceable. See *Wm. Filene's Sons Co.* v. *Weed,* 245 U. S. 597. We concur in the view that the contract, as its terms were interpreted and applied, supports a provable claim for the stipulated damages.

The judgment of the Circuit Court of Appeals is

*Affirmed.*