**In re F. & W. GRAND 5–10–25 CENT STORES.**

**MINOT et al. v. IRVING TRUST CO.**

**No. 168.**

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Engelhard, Pollak, Pitcher & Stern, of New York City (George H. Engelhard, of New York City, of counsel), for appellant.

Cravath, De Gersdorff, Swaine & Wood, of New York City (William D. Whitney, Carl W. Painter, and Frank H. Detweiler, all of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This appeal is by four lessors from an order expunging a claim for future rents against their lessee, the bankrupt. The lease was to begin in the future and the bankrupt had not gone into possession at petition filed; but had consented to a receivership some time before bankruptcy. Thus matters stood, the lessors having taken no action when the petition was filed. The lease contained two covenants which might be apposite to such a situation. The first provided that upon re-entry for breach of covenant the lessee should pay the lessors the difference between the rents reserved and "the rental value of the demised premises for the remainder of the term." The second provided that an act of bankruptcy or a voluntary petition should be a "breach of this lease creating, concurrently with the filing of any such petition in bankruptcy, a right in favor of the Landlords to recover from the Tenant as liquidated damages, an amount equal to the sum by which the rents reserved in this lease exceed the rental value of the premises for the remainder of the term; but the filing of a proof of claim by the Landlords for the amount of such liquidated damages shall operate as a termination of this lease as of the date such proof of claim is filed." This language was a good deal hedged about, and literally at least did not apply until the lessee had entered. For this reason we should find it very troublesome to make it cover the period before entry, the "interesse termini"; but arguendo we shall assume that it did.

The first clause was unlike that in Urban Properties Co. v. Irving Trust Co. (C. C. A.)

74 F.(2d) 654, handed down herewith, because it contained a covenant to pay damages. Nevertheless our discussion will serve here pro tanto, for we there considered the receivership as a general anticipatory breach justifying repudiation and a general claim for damages. The damages upon such a claim are measured in the same way as those upon a covenant to pay damages, which therefore adds nothing, so long as the lease remains a wholly executory contract, though it is essential thereafter, because when the lessor reenters all rent ceases and even a covenant to pay it is no good. As to the second clause, it was confined to bankruptcy, and we need not consider the receivership. It would have been exactly like that in Irving Trust Co. v. A. W. Perry, Inc., 293 U. S. 307, 55 S. Ct. 150, 79 L. Ed. ——, had bankruptcy ended the term without condition. It did not; it was not to end unless the lessors filed a claim for damages, a decision they could hold in abeyance for six months if they chose. Very different situations followed upon the alternatives so left open to them. If they did not file, the term remained and with it the bankrupt's liability as lessee which was not dischargeable; if they did, the term ended and they had only the claim. It is indeed true that a claim may arise under a lease while the term continues; but not such a claim as this, which was not only verbally inconsistent with the term, but which could not be computed except on the hypothesis of its conclusion. The case therefore turns upon whether this contingency in obligation at petition filed is enough to distinguish the case at bar from Perry & Co. v. Irving Trust Co., supra. Manhattan Properties v. Irving Trust Co., 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824, did not concern such a covenant; in both cases then before the court the leases had only covenants of indemnity. Again there is here no question of uncertainty in amount; the formula of calculation is the same as that in Perry & Co. v. Irving Trust Co., supra; and the distinction we drew, when the case was before us, between the covenant then and now at bar, and a mere covenant for damages, as to certainty in amount, seems to us on second thought to be more formal than real. But there is a very real difference between a liability without alternative, and a choice of remedies between which the obligee must elect.

It is true that the whole doctrine of Manhattan Properties v. Irving Trust Co., supra, 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824, rests upon a historical basis, but that will not serve practically, unless we know where history draws the line. Every one concedes that all claims for rent, past rent for instance, are not invalid. The same is true of covenants to pay rent; the mere presence of a personal, as opposed to a "real," obligation is not the criterion. Finally we know after Irving Trust Co. v. A. W. Perry, Inc., supra, 293 U. S. 307, 55 S. Ct. 150, 79 L. Ed. ——, that a claim for damages based upon future rents is good if unconditionally due at petition filed. From this the lessors reason that Manhattan Properties v. Irving Trust Co., supra, 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824, should be confined to covenants for indemnity or future rents or covenants for rent when there was a right of re-entry. And even the trustee, though content with the result, disclaims any such test as the contingency of the claim, insisting that all that was finally discredited in Manhattan Properties v. Irving Trust Co., supra, 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824.

History does not help very much. The first cases arose over discharges, notwithstanding which the bankrupt was held, generally because rent was regarded, not as a presently existing claim payable in the future, but as one arising in the future, since rent "issued" from the land. Whether a covenant to pay rent fell for the same reason is not clear, and in one case anyway, Hendricks v. Judah, 2 Caines (N. Y.) 25, 2 Am. Dec. 213, the explanation was suggested that the right of re-entry made the claim contingent. That was under the Act of 1800 (2 Stat. 19) which did not allow contingent claims. The Acts of 1841 (5 Stat. 440) and 1867 (14 Stat. 517) did allow them, and the second prescribed particularly for rent claims, though not on the basis of their contingency. For one reason or another future rent claims were, however, still expunged. In no case before 1898 was there a case involving a covenant for damages after re-entry, perhaps because that was a later invention. There have however been a number of these under the Act of 1898 (see 11 USCA) and In re Roth & Appel, 181 F. 667, 31 L. R. A. (N. S.) 270 (C. C. A. 2), was an attempt to rationalize their invalidity by reasoning which turned out to be incorrect. In no case has the effort succeeded except in those which the Supreme Court overruled in Manhattan Properties v. Irving Trust Co., supra, 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824. Thus, taken merely as matter of precedent, there seems no support for the lessors' position.

Nor does it seem to us that the test of contingency was necessarily thrown out by what the court said. The exception as to rents there recognized could scarcely have been to the class of future claims; it was almost certainly to that of contingent claims, about which all the turmoil had arisen. If there be in the world a lease in which there is no right of re-entry, so that all future rents are absolutely due, we cannot see why they should not be provable; unless we are to revert to the theory that rents are claims arising in the future. We are therefore disposed to read Irving Trust Co. v. A. W. Perry, Inc., supra, 293 U. S. 307, 55 S. Ct. 150, 79 L. Ed. ——, as implicitly depending upon the gloss which we have been applying, though we recognize the strength of the contrary argument from the failure to adopt it. But, aside from all this, we think that a covenant for damages is in substance a covenant of indemnity, and therefore included within those expressly held invalid in Manhattan Properties v. Irving Trust Co., supra, 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824. The loss is indeed calculated at once and by estimates, not as the rents fall due, or at the end of the lease; but the amount awarded is intended to make whole the lessor, quite as are covenants of indemnity. Why there should be any distinction we cannot see.

Order affirmed.