**MILLER v. SIEGMUND.**

No. 7446.

Circuit Court of Appeals, Fifth Circuit.

Jan. 11, 1935.

Henry H. Brooks, of Austin, Tex., for appellant.

O. W. Sandstrom, of Austin, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, trustee, brought this suit to set aside a transaction, by which a deposit of $2,000 in money and certain personal property passed from the bankrupt to appellee, on the ground that it created a preference under the provisions of section 60 of the National Bankruptcy Act (11 USCA § 96), and was made with an intent and purpose on the part of the bankrupt to hinder, delay, and defraud its creditors, in violation of section 67 of the said act (11 USCA § 107). There was judgment in favor of appellee dismissing the suit. This appeal followed.

From the findings of facts by the court, which are fully supported by a stipulation as to the facts, the following material facts appear:

The bankrupt, Haston Body Works, Inc., entered into an agreement with J. V. Siegmund, appellee, to lease a building from him, to be erected according to plans and specifications furnished by it, to be used as an automobile repair shop and garage and a filling station. The building was erected at a cost of over $40,000 by Siegmund, and a lease was entered into for a period of ten years from May 1, 1931, for a consideration of $49,800, payable in installments of $415 per month in advance. The filling station was subleased by the bankrupt for a period of five years from May 1, 1931, at a rental of $150 per month. The lessee agreed to deposit $2,000 in cash, give a chattel mortgage on certain tools, equipment, and furniture in the leased building, estimated to be worth $5,000, and to assign the sublease of the filling station as security for any damages that might accrue from a breach of the lease by it. The agreement was carried out on October 31, 1931. At that time the bankrupt was solvent.

In September, 1932, the rent in arrears amounted to $1,650. Demand was made for payment, and the bankrupt admitted it was unable to pay, and would continue to be unable to pay. Appellee advised the bankrupt that he would forfeit the lease and foreclose the chattel mortgage. The parties then entered into an agreement, as a result of which the deposit of $2,000 and certain property covered by the chattel mortgage, but not all of it, having a fair market value of $2,000 and rental value of $20 per month, was transferred to appellee, in settlement of past-due rent and damages for the breach. The lease was surrendered, and appellee went into possession of the building. The deposit was applied to the payment of the overdue rent under the terms of the lease. Appellee accepted the property transferred, in full settlement of any damages accruing from the breach of the lease, and took possession of the premises. The bankrupt at that time was insolvent, to the knowledge of both parties, and was adjudicated bankrupt on October 31, 1932. After taking possession of the premises, appellee was unable to make a new lease for the unexpired term of the bankrupt's lease, but rented the building, and the personal property turned over, to Bert Haston, having no connection with the bankrupt, from month to month, at $235 per month, until June 24, 1933. Haston was then unable to continue payment of that amount, and the rent was reduced to $200 per month in order to keep a tenant. Appellee continued to collect the rent of the filling station at $150 per month. He could not have rented the property to any one else for more than $330 per month, including the filling station, at the time the lease was breached. It is unnecessary to refer to the other findings of fact.

The District Court found that the parties were in absolute good faith, and there was no intention to hinder, delay, or defraud other creditors; that the chattel mortgage and lease, in all its provisions, were valid when entered into; that the subsequent transaction by which the property was transferred amounted to no more than the enforcement of a valid lien created more than four months before and not affected by the bankruptcy; that appellee had suffered damages exceeding $6,000.

We agree with the conclusions of the District Court. Coder v. Arts, 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; Irving Trust Co. v. Perry, Inc., 55 S. Ct. 150, 79 L. Ed. ——, decided December 3, 1934.

Affirmed.