### In re OWL DRUG CO.

No. 480.

District Court, D. Nevada.

Sept. 30, 1935.

448

Russell E. Sewall, of Portland, Or., and Rosenshine, Hoffman, Davis & Martin, of San Francisco, Cal., for claimant.

Thatcher & Woodburn, of Reno, Nev., and Clarence A. Shuey and Grant H. Wren, both of San Francisco, Cal., for trustee, George K. Edler.

YANKWICH, District Judge.

On June 26, 1926, the Swetland Building Company of Portland, Or., the holder of a leasehold upon a building in Portland, Or., under lease from X. J. Faling, the owner of the premises, leased a portion of the premises to the Owl Drug Company, the bankrupt herein. The term of the lease was from August 1, 1926, to May 31, 1946, at a minimum rental of $1,850 a month, payable in advance on the 1st day of each month.

The petition in bankruptcy was filed on October 10, 1932. The rental due on October 1, 1932, had not been paid. Neither had charges for light and heat furnished by the claimant to the lessee from August 24, 1932, to October 9, 1932, been paid. The claimant presented a claim consisting of two items. The first item was for $620.90 and consisted of $537.09, the pro rata of rental from October 1, 1932, to October 9, 1932, and $83.81 for light and heat charges. As this claim was allowed by the referee, it need not concern us any longer. The second item was for damages in the sum of $108,020, being, as stated by counsel for claimant, "the difference between the stipulated minimum rental of $1,850 a month, and the market, fair or reasonable rental value, alleged to be $1,190 a month for the remainder of the term of the lease." The referee having refused the rental item, the matter is before the court for review.

It is conceded by both sides that, in view of the decisions in Manhattan Properties v. Irving Trust Co. (1934) 291 U. S. 320, 54 S. Ct. 385, 78 L. Ed. 824, and Quinn v. Jaloff (C. C. A. 9, 1934) 71 F. (2d) 707, a claim for damages on account of the termination of the lease by the bankrupt which covers the unascertained damage that might be suffered by the lessor during the remainder of the term is not a provable claim in bankruptcy. These decisions are grounded upon the proposition that a lessor's claim for total or partial loss of rents payable in the future, being uncertain and contingent, is not provable in bankruptcy. The claimant contends, however, that while, under these decisions, the claim should not have been allowed in full, it was nevertheless entitled to have it allowed partially in accordance with the provisions of the Amendment of June 7, 1934, to section 63a of the Bankruptcy Act. This amendment added clause (7) to the section (11 USCA § 103 (a) so as to permit proof and allowance of debts consisting of: "(7) claims for damages respecting executory contracts including future rents whether the bankrupt be an individual or a corporation, but the claim of a landlord for injury resulting from the rejection by the trustee of an unexpired lease of real estate or for damages or indemnity under a covenant contained in such lease shall in no event be allowed in an amount exceeding the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises plus an amount equal to the unpaid rent accrued up to said date: Provided, That the court shall scrutinize the circumstances of an assignment of future rent claims and the amount of the consideration paid for such assignment in determining the amount of damages allowed assignee hereunder: Provided further, That the provisions of this clause (7) shall apply to estates pending at the time of the enactment of this amendatory Act [June 7, 1934]." The effect of this amendment was to allow proof of claims for damages for breach of a lease to an amount not exceeding the rental for the year next succeeding the date of the surrender of the premises together with an amount equal to the unpaid rent accrued up to the date of surrender.

On June 18, 1934, this clause was again amended so as to read as follows: "(7) claims for damages respecting executory contracts including future rents whether the bankrupt be an individual or a corporation, but the claim of a landlord for injury resulting from the rejection by the trustee of an unexpired lease of real estate or for damages or indemnity under a covenant contained in such lease shall in no event be allowed in an amount exceeding the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises plus an amount equal to the unpaid rent accrued up to said date: Provided, That the court shall scrutinize the circumstances of an assignment of future rent claims and

the amount of the consideration paid for such assignment in determining the amount of damages allowed assignee hereunder: *Provided further, That the provisions of this clause (7) shall apply to estates pending on June 7, 1934, in which the time for filing such claims has not expired.* (As amended June 7, 1934, c. 424, § 4 (a), 48 Stat. 923; June 18, 1934, c. 580, 48 Stat. 991.)" 11 USCA § 103 (a) (7). (Italics added.)

■ The time for filing claims in this case expired on April 10, 1933. The claim under consideration was an uncertain and unliquidated claim of the type declared not provable in the cases to which we have referred. It was filed prior to the decisions in these cases. The record discloses that in the briefs filed before the referee the *totality* of the claim was defended. It is apparent, therefore, that there was not before the referee and there is not before us a claim of the type contemplated by the amendments of June 7 and June 18, 1934, to section 63a of the Bankruptcy Act.

■ But assuming that the claim as presented could be so considered, we are of the view that by the amendment the Congress aimed to apply the clause (7) only to cases pending on June 18; 1934, "in which the time for filing such claims has not expired." The language of the proviso added by the final amendment seems clear. Our attention has been called to the conference report on this amendment wherein the conferees of the two Houses so interpret its scope. We quote: "The provisions of clause 7 quoted above should be limited in operation to those estates in which the time for filing claims has not expired. If applied to estates in which the time for filing claims has expired, these provisions would entail much inconvenience, expense and confusion, in many cases necessitating the reopening of estates which are ready for final settlement and in which the time for filing claims expired many months ago. The sole purpose of this bill is to avoid such undesirable results of the provisions of clause 7." See Journal of the National Association of Referees in Bankruptcy, January 7, 1935, page 72. Gilbert's Collier on Bankruptcy states the scope of this amendment in the following language: "The provisions of Bankruptcy Act, section 63 (a) (7) apply to estates pending at the time of enactment of the amendatory act, in which the time for filing such claims has not expired." Gilbert's Collier on Bankruptcy (1934 3d Ed.) p. 998. The District Court for the Southern District of New York has interpreted it in a similar manner. In re Publix Enterprises, Inc. (1934) 7 F. Supp. 722.

And while the question involved in Irving Trust Co. v. A. W. Perry, Inc. (1934) 293 U. S. 307, 55 S. Ct. 150, 79 L. Ed. 379, related to different clauses of section 63a, the court in its opinion stated definitely that as to claims already pending, the rights asserted must be interpreted in the light of the section as it stood before the amendments of June 7 and June 18, 1934. There is no reason why the same rule should not apply to the proviso under consideration added by the same amendments. This interpretation is logical and fair and just to all who have the right to participate in the estate of the bankrupt. Otherwise we would have this anomalous situation. Here is a claim presented long before either of the June, 1934 amendments under a theory since declared untenable by our highest courts. The Congress changes the law so as to allow a claim of this character to a limited extent. The time for the filing of such claim has long expired. Yet if we give full scope to the claimant's interpretation, it would be allowed, long after the expiration of the limitation period for the presenting of claims, to have its claim considered as though it had been filed under a new provision of the Bankruptcy Act which was not in existence at the time when the claim was originally presented. The unfairness of such procedure to other creditors must have been apparent to the Congress. So it made the amendment of June 18, 1934, which, to our mind, sets the question at rest. It follows that the decision and order of the referee should be, and they are hereby, affirmed.