### BOSTON–CONTINENTAL NAT. BANK et al. v. WENDELL PHILLIPS CO.

### No. 3135.

Circuit Court of Appeals, First Circuit.

June 25, 1936.

MORTON, Circuit Judge, dissenting.

———◆———

Murray F. Hall and Donald J. Hurley, both of Boston, Mass. (Goodwin, Proctor & Hoar, of Boston, Mass., on the brief), for Boston-Continental Nat. Bank and another.

Alfred Gardner, of Boston, Mass. (Peabody, Arnold, Batchelder & Luther, of Boston, Mass., on the brief), for Wendell Phillips Co.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for Massachusetts of October 21, 1935, in favor of the plaintiff in the sum of $9,850.37. The case was tried together with Kennedy v. Boston-Continental Nat. Bank (C.C.A.) 84 F.(2d) 592, Nos. 3131–3132 and Ulin v. Deitrick (C.C.A.) 84 F.(2d) 601, Nos. 3133–3134 by the District Judge, a jury having been duly waived.

May 21, 1926, the plaintiff leased to the defendant bank certain rooms in the Wendell Phillips building in Boston for ten years from July 1, 1926, at $7,000 a year for the first five years and $7,500 for the last five years, payable in equal monthly installments on the first day of each month for the preceding month. On December 17, 1931, the bank failed and the Comptroller took possession and appointed receivers, as stated in Nos. 3131–3132, for the purpose of winding up the affairs of the bank. On January 13, 1932, the receiver notified the plaintiff that he elected not to retain possession of the premises and, on March 30, 1932, vacated the same.

The plaintiff's declaration contains three counts. In the first one he seeks to recover a balance of $41.67 remaining unpaid on the installment of rent falling due December 1, 1931, for the preceding month. In the third count he seeks to recover rent at the stipulated rate from December 1, 1931, to December 17, 1931, amounting to $312.50. In the second count it is alleged that the defendant owes the plaintiff $16,250, the difference between the rental value of the premises for the remainder of the term and the rent reserved in the lease. This count is based on the following provision of the lease:

"This lease is made on the further condition that if the said Lessee shall neglect or fail to perform or observe any of the covenants herein contained, on its part to be performed or observed, or if the estate hereby created shall be taken on execution or by any process of law, or if the said Lessee shall be declared bankrupt or insolvent according to law, or if any assignment shall be made of its property for the benefit of creditors, or, if, the Lessee being a corporation, any Receiver of its property shall be appointed by a court of competent jurisdiction, then and in any such case (notwithstanding any license of any former breach of covenant or waiver of the benefit hereof or consent in a former instance) the said Lessor may lawfully, immediately or at any time thereafter, without notice or demand, enter into or upon said premises or any part thereof in the name of the whole, and repossess the same as of its former estate and expel the said Lessee and those claiming through or under him, and remove their effects (forcibly if necessary), and if it elects may store the same for account and at the expense and risk of the Lessee without being guilty of any manner of trespass and without prejudice to any rights or remedies which might otherwise be used for arrears of rent or preceding breach of covenant, repossess the same as of its former estate; and upon entry aforesaid the lease shall determine and the Lessee covenants that in the case of such termination, or in case of termination under the provisions of statute by reason of default on the part of the Lessee, it will indemnify the Lessor against all loss of rent and other payments which it may incur by reason of such termination during the residue of the time first above specified for the duration of the said term, or at the election of the Lessor the Lessee will upon such termination pay to the Lessor, as damages, such a sum as at the time of such termination represents the difference between the rental value of the premises for the remainder of the said term and the rent and other payments herein named; in case of eviction of the said Lessee, or in case of the termination of this lease from any cause, the said Lessor may immediately recover of the said Lessee the pro-rata rent up to such time, irrespective of the periods herein prescribed for the payment of rent."

The District Court found that the plaintiff entered to terminate the lease on March 30, 1932, and that it was terminated on that day; that the fair rental value of the premises from March 30, 1932, to the end of the term was $21,250; that the rent reserved for the same period was $31,875, and the excess of rent reserved over the fair rental value, discounted at

5 per cent., amounted to $9,496.20. It also found for the plaintiff as claimed in the first and third counts. These several sums make up the judgment appealed from.

No question is made as to the liability of the defendants on the first and third counts. The defendants, however, complain that the District Court erred in finding that the plaintiff was entitled to recover $9,496.20 on the second count.

We think that the District Court erred in its finding and ruling as to the second count, for the reasons stated in our opinion in Nos. 3131–3132. The claim sued upon in this count did not arise and become fixed until after the entry and termination of the lease, a time long after the bank was declared insolvent, and in the nature of the thing the amount of the claim could not be determined as of a time the claim did not exist i. e., the time of the declaration of insolvency.

The judgment of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs in this court to the appellants.

MORTON, Circuit Judge (dissenting).

For reasons stated in my dissenting opinion in the Kennedy Case, I think the judgment appealed from should be affirmed.