BILL'S BARGAIN STORE No. 4, INC., IN RE.

In the District Court of the United States for the Northern

District of Ohio, Eastern Division.

No. 80961.  Decided October 26, 1962.

452

[redacted]

[redacted]

*Demov & Morris*, for Otri Realty Corporation.
*Messrs. Nadler & Nadler*, for trustee.

[redacted]

DOYLE, Referee in Bankruptcy. The Trustee's objection to the allowance of the claim of Otri Realty Corporation is presented to this Court for determination of the issues on a Stipulation and Agreement of Facts, and upon briefs.

The relevant facts are, in outline, as follows:

(1) Prior to filing of Petition in Bankruptcy, a written lease of real estate located in Youngstown, was executed between Otri Corporation and Bill's for a term of years at a monthly rental of Eighteen Hundred Seventy-five ($1,875.00) Dollars.

(2) A deposit of Five Thousand Six Hundred Twenty-five ($5,625.00) Dollars was made with the lessor for faithful performance.

(3) Bankruptcy adjudication.

(4) Occupancy by the Trustee in Bankruptcy.

(5) Property surrendered by the Trustee.

(6) Agreement between Otri and the Trustee that reasonable charge for use and occupancy by Trustee was Forty-eight Hundred ($4,800.00) Dollars.

(7) Unsecured claim of Otri as reduced, filed, and allowed, in the sum of Twenty-three Thousand Seven Hundred Six Dollars and fifty-five cents ($23,706.55).

*Issues*

Otri claims the right to apply the deposit of $5625.00 on the unsecured claim, and thus reduce the claim by that amount. Otri also claims to be entitled to be paid $4800.00 for use and occupancy.

The Trustee claims the right to apply so much of the deposit of $5625.00 as is necessary to pay for the use and occupancy charge of $4800.00; and to apply the remainder of the $5625.00, namely, $825.00, on the unsecured claim, thus reducing it to $22,881.55.

## Discussion and Law

The lease provides that bankruptcy may be considered a breach of the terms and covenants of the lease, and thus gives the landlord (Otri) the right to enter and repossess the leased premises. That is a valid provision of the lease.

*Outfitters Operating Realty Co.*, 69 Fed. Rep. (2d), 90; *Irving Trust Co.* v. *Perry, Inc.*, 293 U. S. Rep., 307, 55 S. Ct., 150.

It is true that the occupancy of the premises is ordinarily not referred to as rent in the ordinary definition of the term, but is designated as a charge for the use and occupancy by the Trustee. Nevertheless his right to occupy and use the premises arises under the tenancy of the lessee. If there were no tenancy, the Trustee would not have a right to occupy and use the premises. The tenancy in this case was established by lease between the parties. His position is not that of an assignee, and by law he has sixty days in which to assume or reject the lease. If he does not elect to do either, he is assumed to have rejected the lease.

In this case, the Trustee did not assume the lease but surrendered the premises to Otri.

The question of who is entitled to a deposit of the kind involved in this case, depends upon the wording of the lease as showing the intention of the parties.

If the lease provides that the deposit is to be applied to the rent, it becomes the property of the lessor-landlord to be so applied, and the Trustee in Bankruptcy has no title to it and no right of offset.

If the lease provides that the deposit is security for the faithful performance of the terms and covenants of the lease, the landlord holds the deposit as trustee or pledgee; and in the event of bankruptcy it passes to the lessee's trustee in bankruptcy, subject to the claims of the lessor.

The lease, paragraph 13, provides as follows:

"The Lessee has deposited with the Lessor the sum of

$5,625.00 as security for the faithful performance and observance of Lessee of the terms, covenants, provisions and conditions of this lease. If the Lessee shall fully and faithfully comply and perform all of the terms, provisions, covenants, and conditions of this lease on Lessee's part to be kept and performed, two-thirds of said sum shall be applied towards the rental payable during the last two months of the term or of the last renewal term, if this lease is renewed, and provided the Lessee shall continue to fully and faithfully comply with and perform all of the terms, provisions, covenants, and conditions of this lease on its part, then the remainder of the said sum shall be returned to Lessee after the date fixed as the end of the term or any renewal term if this lease is renewed, and after delivery of entire possession of the demised premises to the Lessor in accordance with the provisions of this lease. In the event of a sale of the land and buildings of which the demised premises form a part, Lessor shall have the right to transfer the security to the vendee, and Lessor shall thereupon be released by Lessee from all liability for the return of said security, provided that such vendee assumes the repayment or application thereof.''

The law as stated in this Opinion is a long-established rule of law, and is followed by our District Court in the Sixth Circuit in a 1956 Opinion by Judge Weick in *Morrison-Barnhart Motors, Inc.*, 142 Fed. Supp., 845 (D. C. Ohio).

The cases of *Sline* v. *Colvin*, 190 Fed. (2d), 401, and *Ollden* v. *Tonto*, 143 Fed. (2d), 916, discussed in the briefs in this case, do not change the law. They merely apply the law to the facts stated in those cases.

### Opinion

The Court finds that the deposit in the sum of $5625.00 was made by lessee (bankrupt) for the faithful performance of the conditions and covenants of the lease; that $4800.00 of said amount is to be applied to the payment of the amount charged to the Trustee for the period in which he occupied the premises; and the balance amounting to $825.00 is to be applied on the unsecured claim of $23,706.55, thus reducing that claim to $22,881.55.

Journal Entry may be drawn in accordance with the foregoing Opinion.

Exceptions.