**ARGONAUT SAVINGS & LOAN ASSOCIATION, etc., Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORP., Appellee.**

No. 21364.

United States Court of Appeals Ninth Circuit.

April 3, 1968.

Rehearing Denied May 14, 1968.

Howard B. Crittenden, Jr. (argued), Payne & Levy, San Francisco, Cal., for appellant.

Alan I. Kaplan (argued), Harold R. McKinnon, of Bronson, Bronson & McKinnon, San Francisco, Cal., John F. Lee, Leslie H. Fisher, Federal Deposit Insurance Corporation, Washington, D. C., for appellee.

Before MADDEN, Judge, Court of Claims, JERTBERG and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

This is an action by the assignees of a lessor of real property against the Federal Deposit Insurance Corporation (FDIC) as receiver of the lessee, San Francisco National Bank. The District Court entered a summary judgment for the FDIC. We affirm.

The lease was made on July 12, 1963, and calls for rent at $3,000 per month, plus taxes and insurance. On January 22, 1965, the Comptroller of the Currency ordered the Bank closed as insolvent and appointed FDIC receiver. On June 28, 1965, FDIC gave written notice of disaffirmance of the lease, effective July 31, 1965. It paid the rent for the months of February through July, 1965. On December 14, 1965, the present action was filed.

A copy of the lease is attached to the complaint. It provides that, upon the appointment of a receiver for the lessee Bank, the lessor has the following options:

(a) To sue for and collect each installment of rent or other money as it becomes due, or

(b) To re-enter, oust the tenant and relet for the latter's account, the tenant to continue liable, month by month, for deficiencies in rent, or

(c) To terminate the lease, in which event the tenant is to become liable for the difference between the then value of the rent reserved for the balance of the term and the then cash reasonable rental value of the premises for the same period.

The lease also provides for the payment of lessor's attorney fees in the event of successful prosecution of a suit to enforce any provision of the lease.

In the complaint, it is stated that the appellants, "by this Complaint, * * * hereby formally notify the defendant * * * of the termination of the lease as of the date Defendant abandoned the premises [stated elsewhere in the complaint to be July 31, 1965], and hereby made formal claim on the Defendant for the agreed sum of damages [under option (c), above], which Plaintiffs allege to be Six Hundred Ten Thousand Dollars. * * * "

The law of California permits the parties to a lease to agree upon the measure of damages for breach that is here asserted. (Cal.Civ.Code § 3308). But that does not necessarily mean that, under such a lease, the lessor's claim is good against the receiver of an insolvent lessee national bank. This is an action under the National Bank Act, and particularly Section 194 of Title 12, U.S.C., formerly R.S. 5236. The District Court is a court of competent jurisdiction under that section. See 12 U.S.C. § 1819, 28 U.S.C. § 1331. And the question presented is governed by federal law, here, section 194 of 12 U.S.C. American Surety Co. v. Bethlehem Nat'l Bank, 1941, 314 U.S. 314, 316, 62 S.Ct. 226, 86 L.Ed. 241.

The paucity of decisions dealing with claims against receivers of insolvent national banks since the great banking crisis of the 1930's is some indication of the success of the measures that were then taken, including the creation of FDIC itself, to strengthen the banking system. But section 194 has not been amended, and there exists direct authority in support of the judgment here. In Kennedy v. Boston-Continental Nat'l Bank, 1 Cir., 1936, 84 F.2d 592, the facts were strikingly similar to the facts of this case, and it was held that the lessor was not entitled to judgment because his claim had not accrued and become unconditionally fixed on or before the date when the bank was declared insolvent. That is equally true here. The bank was declared insolvent on January 22, 1965; the appellants did nothing to exercise the option given them by the lease until December 14, 1965, nearly 11 months later. The appellants did not have, on January 22, 1965, the claim that they now assert. We think the reasoning in Kennedy, and the authorities there cited, fully support the judgment here. See also Boston-Continental Nat'l Bank v. Wendell Phillips Co., 1 Cir., 1936, 84 F.2d 599; Dinan v. First Nat'l Bank of Detroit, 6 Cir., 1941, 117 F.2d 459, 461–462.

We do not overlook the argument of appellants that the receiver has no power to disaffirm the lease. But we reject it. There was disaffirmance in *Kennedy*, supra, in *Wendell Phillips Co.*, supra, and in *Dinan*, supra. See also Buhl Land Co. v. Kavanagh, E.D.Mich.1954, 131 F.Supp. 136, 143, aff'd, 6 Cir., 1955, 223 F.2d 265; Fidelity Safe Deposit & Trust Co. v. Armstrong, C.C.S.D. Ohio, 1888, 35 F. 567, 569.

Affirmed.