**80 PINE INC., Plaintiff,**

v.

**EUROPEAN AMERICAN BANK et al., Defendants.**

**No. 76 Civ. 737.**

United States District Court, E. D. New York.

Dec. 30, 1976.

Goldfarb & Fleece and Robert D. Marcus, New York City, for plaintiff.

David G. Trager, U. S. Atty., E.D.N.Y. by Lewis F. Tesser, Asst. U. S. Atty., Brooklyn, N.Y., Kaye, Scholer, Fierman, Hays & Handler and Cahill, Gordon & Reindel, New York City, for defendants; Milton Kunen, Vincent J. Syracuse, Wm. E. Hegarty, Allen S. Joslyn, Michael P. Tierney and Stacy J. Haigney, New York City, of counsel.

OPINION and ORDER

PLATT, District Judge.

Defendants move for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting judgment in their favor or, in the alternative, pursuant to Rule 12(b) dismissing plaintiff's complaint.

In light of the decision of the late Judge Judd of this Court in *Huntington Towers, Ltd. v. Franklin National Bank (in liquida-*

*tion)*, 75 Civ. 972 (E.D.N.Y. July 1, 1976), plaintiff consents to the motion of the defendant Smith, the Federal Reserve Bank of New York ("Federal Reserve"), the European American Bank ("European American") and the Federal Deposit Insurance Corporation ("FDIC"), as corporation, and seeks to pursue his claims only against the FDIC as receiver and the Franklin National Bank (in liquidation) ("Franklin").

The facts do not appear to be in dispute. On September 3, 1970, plaintiff leased to Franklin for a term of 20 years the 11th floor of the downtown building known as 80 Pine Street, New York, N. Y., at an aggregate rental in excess of $9,000,000, and thereafter Franklin entered upon and occupied such premises.

On October 8, 1974, the Comptroller of the Currency (the defendant Smith) declared Franklin insolvent, terminated its powers as a national banking association and appointed the FDIC as receiver pursuant to 12 U.S.C. §§ 191 and 1821(c). At the same time, pursuant to a Purchase and Assumption Agreement with the FDIC as Franklin's receiver, the defendant European-American purchased certain of Franklin's assets and assumed certain of its liabilities (but not the lease in question) and continued to occupy the 11th floor space after the declaration of insolvency.

The Purchase and Assumption Agreement was approved by this Court in *In Re Franklin National Bank,* 381 F.Supp. 1390 (E.D.N.Y. 1974, Judd, J.).

On January 28, 1975, the FDIC as receiver, wrote plaintiff stating that "we hereby notify you of our election not to adopt and to disaffirm effective October 8, 1974, the above mentioned lease, and surrender effective January 31, 1975 the leased premises".

On April 21, 1976, plaintiff commenced this action with the filing of the complaint herein seeking damages of $3,143,642. allegedly computed in accordance with Section 18.01(c) of the Lease.

The essence of plaintiff's complaint is to the effect that by reason of the FDIC's letter of disaffirmance "effective October 8, 1974", the liability of Franklin under the lease accrued and became unconditionally fixed on that date and therefore plaintiff's claim was due and owing at the time of the declaration of insolvency. Plaintiff further claims that the termination of the lease as of October 8, 1974 constituted an anticipatory breach of the lease which resulted in a claim due and owing at the time of the declaration of insolvency.

Defendants rely on *Argonaut Savings and Loan Association v. Federal Deposit Insurance Corporation,* 392 F.2d 195 (9th Cir.), *cert. denied* 393 U.S. 839, 89 S.Ct. 116, 21 L.Ed.2d 110 (1968), which in turn relies on *Kennedy v. Boston-Continental National Bank,* 84 F.2d 592 (1st Cir. 1936), and in particular the fact that in both such cases (and in this case also) no claim had accrued, become unconditionally fixed or was due and owing at or before the time of the declaration of insolvency and plaintiff landlord failed to terminate the lease prior to the act of disaffirmance.

Plaintiff attempts to distinguish such cases by stating that in each such case the disaffirmance was effective on a date subsequent to the declaration of insolvency, whereas in the case at bar the FDIC, as receiver, made the disaffirmance "effective October 8, 1974" which action made plaintiff's claim to be one that had become due and owing at the time of the declaration of the insolvency.

In support of its proposition plaintiff cites a bankruptcy case entitled *Irving Trust Co. v. A. W. Perry, Inc.,* 293 U.S. 307, 55 S.Ct. 150, 79 L.Ed. 379 (1934), but (apart from the fact that the Bankruptcy Act is not applicable here) in that case the *lease* provided for its termination on the filing of a petition in bankruptcy and the claim arose at the moment of the filing of the petition. Such are not the facts here.

The FDIC, as receiver, did not have the power by sending a post insolvency notification of disaffirmance of a lease such as this to alter or affect the rights of other creditors by creating and giving on January 28, 1975, a claim to the landlord which did not theretofore exist, particularly on October 8,

1974. See *American Bonding Co. v. Anderson,* 110 F.2d 961, 965 (6th Cir.), *cert. denied* 311 U.S. 669, 61 S.Ct. 28, 85 L.Ed. 429 (1940).

The most that the FDIC as receiver can be said to have done by his letter dated January 28, 1975, was to have terminated the lease effective on October 8, 1974 *at a time subsequent* to the Comptroller's declaration of insolvency and *subsequent* to its own appointment as receiver for Franklin.

Plaintiff further argues that it is entitled to damages under Section 18.01 of the Lease because such Section provides for damages "if this Lease and the Demised Term shall expire and come to an end * * by or under any summary proceeding, or under any other action or proceeding". Plaintiff claims that the approval of the Purchase and Assumption Agreement by this Court on October 8, 1974 (*In Re Franklin National Bank,* 381 F.Supp. 1390), constitutes such an "other * * * proceeding" under which this Lease came to an end, thereby giving rise to a claim for damages on that date.

The fallacy in this argument is that the lease clearly did not expire and come to an end "by" that proceeding nor did it so terminate "under" that proceeding. Unlike a bankruptcy proceeding where a receiver or trustee is appointed by and continues under the supervision and orders of the Court, a receivership under the Banking Act is created by statute and a receiver is appointed by the Comptroller of the Currency (12 U.S.C. Sections 191 and 1821(c)). With the exception of the requirement of the approval "of a court of record of competent jurisdiction" as to the sale of real and personal property and certain other matters not here relevant, such receiver functions "under the direction of" and reports to the Comptroller. 12 U.S.C. Section 192. Neither the petition for nor the approval by this Court of the Purchase and Assumption Agreement in *In Re Franklin National Bank, supra,* subjected the affairs of the bank to the jurisdiction of, or placed the assets thereof under the control of the Court (as might be the case when the receiver is appointed by the Court). Such steps are taken solely to obtain and effect what has been characterized as the "administrative" (not judicial) approval of the purchase and sale of property. *In Re Chetwood,* 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782 (1897); *Fifer v. Williams,* 5 F.2d 286 (9th Cir. 1925); *Griggs v. Baumer,* 130 F.2d 899 (3d Cir. 1942); *In Re Franklin National Bank,* 381 F.Supp. 1390, at p. 1393 (E.D.N.Y.1974). The "administrative" proceeding emcompassing such approval did not extend to the subsequent disaffirmance by the receiver of the lease in question here and for this reason plaintiff's alternative argument must also fail.

Accordingly, defendants' FDIC as receiver and Franklin's motions for summary judgment must be and the same hereby are granted along with the motion made by the other defendants as to which the plaintiff has consented.

SO ORDERED.