Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ISLA DEL CARIBE DEVELOPMENT, INC. Demandante Apelante v. SISTEMA UNIVERSITARIO ANA G. MÉNDEZ, INC. Y OTROS Demandada Apelada | KLAN202300950 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan Caso Núm.: HU2023CV00275 (Salón 603) Sobre: Cobro de Dinero Ordinario y Otros |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

Comparece Isla del Caribe Development, Inc. (Isla del Caribe o apelante) mediante apelación para solicitar la revocación de la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 2 de octubre de 2023. Mediante dicho dictamen, se confirmó la sentencia sumaria emitida por el mismo foro desestimando la demanda del apelante por no haberse incumplido con una obligación contractual. Por los fundamentos que expresamos a continuación, confirmamos la *Resolución* apelada.

En síntesis, el caso de epígrafe trata de una demanda por un supuesto incumplimiento de contrato por el Sistema Universitario Ana G. Méndez, Inc. (SUAGM o apelado). Según las alegaciones, Isla del

Caribe y SUAGM suscribieron un contrato de arrendamiento en el 2008, conteniendo la siguiente cláusula:

> **DÉCIMA-TERCERA:** […] Queda convenido también que durante la vigencia del presente contrato, la PARTE ARRENDATARIA podrá en cualquier momento cancelar el [presente contrato] con la mera notificación por escrito [a la PARTE ARRENDADORA] por correo certificado con acuse de recibo con por lo menos sesenta (60) días de antelación a la fecha de la cancelación del contrato, no incurriendo e responsabilidad legal o económica alguna frente a la PARTE ARRENDADORA.

En el 2015, el Tribunal Federal del Distrito de Puerto Rico emitió una orden protectora sobre la referida propiedad como parte de un proceso criminal, asignando al *Clerk's Office* del Distrito de Puerto Rico como custodio sustituto. Al percatarse de lo ocurrido, SUAGM remitió una carta fechada 4 de marzo de 2015 por correo certificado al *Clerk's Office*, informando que la terminación del contrato se realizará el 31 de mayo de 2015. Posterior a esto, el representante legal de Isla del Caribe envió una carta a SUAGM, solicitando una reunión entre las partes para discutir sobre la relocalización del centro de enseñanza de SUAGM. Como respuesta a esta inquietud, SUAGM contestó con una breve explicación de su terminación de contrato, adjuntando copias de sus comunicaciones con el *Clerk's Office*. Insatisfecho, Isla del Caribe instó una demanda contra SUAGM, alegando incumplimiento contractual que causó daños en la propiedad y evasión de pagar lo debido por el arrendamiento. Esta demanda adjuntó una declaración jurada del vicepresidente de Isla del Caribe, en la cual confirma haber recibido la antes mencionada carta de SUAGM.

Pronto después, SUAGM solicitó al foro primario que dicte sentencia sumaria argumentando que los hechos demuestran su cumplimiento contractual de notificar a Isla del Caribe. Luego de varias réplicas y dúplicas presentadas por ambas partes, incluyendo una

declaración jurada del presidente de Isla del Caribe explicando que SUAGM no le notificó correctamente, el foro primario dictó sentencia sumariamente. Esta *Sentencia* concluyó que SUAGM cumplió con su obligación de notificar a Isla del Caribe sobre la terminación del contrato, por lo que derrota las causas de acción de daños contractuales y cobro de dinero invocadas por el apelante.

Por todo lo anterior, Isla del Caribe recurre ante este Tribunal, alegando que el foro primario erró (1) al determinar que no existía controversia de hechos esenciales y por ello dictando sentencia de forma sumaria, (2) al determinar que SUAGM cumplió con el contrato, (3) al determinar que la declaración jurada del presidente de la corporación era repetitiva, infundada y contradictoria, y (4) al imponer honorarios por temeridad a Isla del Caribe. Oportunamente, SUAGM se opuso, alegando que (1) el Tribunal de Apelaciones carece de jurisdicción sobre la materia por Isla del Caribe repetir los mismos argumentos en su mociones pre-sentencia y de reconsideración, (2) que SUAGM cumplió con las estipulaciones del contrato, y (3) que no existían controversias de hechos materiales y esenciales, (4) que la declaración jurada del presidente de Isla del Caribe fue insuficiente y contradictoria a la prueba documental, y (5) que la imposición de honorarios por temeridad es correcto por Isla del Caribe haber admitido que fue notificado de la terminación del contrato.

Vale recordar que nuestro ordenamiento jurídico contempla que cualquiera de las partes pueda solicitar que se disponga sumariamente la totalidad o cualquier parte de una reclamación. Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *Torres Pagán et al. v. Mun. de Ponce*, 191 DPR 583 (2014). La Regla 36 de *Procedimiento*

*Civil* exige que el peticionario de un dictamen sumario establezca su derecho con claridad y demuestre que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil de 2009, *supra*. Véase *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) et al.*, 2023 TSPR 120 (citando a *Aponte Valentín et al. v. Pfizer Pharm.*, 208 DPR 263, 277 (2021); *Zambrana García v. ELA et al.*, 204 DPR 328, 341-342 (2020); *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 430 (2013); *Jusino et al. v. Walgreens*, 155 DPR 560, 577 (2001)). Para ello, la parte promovente viene obligada a desglosar los hechos relevantes sobre los cuales aduce que no existe controversia sustancial, en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya. *SLG Zapata-Rivera v. JF Montalvo*, *supra*; Regla 36.3(a)(4) de Procedimiento Civil de 2009, *supra*.

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla 36.3(b)(2) de Procedimiento Civil de 2009, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas, Inc. et al.*, 199 DPR 664 (2018). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar

contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, 178 DPR 200 (2010).

Ahora bien, en lo atinente al estándar de revisión aplicable, este Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil 2009, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas, Inc. et al.*, 193 DPR 100 (2015).

Teniendo en cuenta lo anterior, una parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia puede presentar una moción de reconsideración. Regla 47 de Procedimiento Civil de 2009, *supra*. Tal solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse. Íd. No obstante, para que las solicitudes interrumpan el término estricto de treinta (30) días para recurrir al foro apelativo vía apelación, estas deben presentarse dentro de los quince (15) días de archivarse en autos la notificación de la determinación. Íd. Véase, también, Regla 52.2 de Procedimiento Civil de 2009, *supra*. De no presentarse oportunamente la apelación, el foro

apelativo carecerá de jurisdicción para evaluar el caso en contienda. Véase *JMG Investment, Inc. v. ELA et al.*, 203 DPR 708 (2019).

Consecuentemente, el Tribunal Supremo ha determinado que la especificidad referida en la Regla 47 de *Procedimiento Civil* "es el criterio rector que debe evaluarse al momento de determinar si una moción de reconsideración interrumpió el término para apelar o acudir en revisión". *Morales v. The Sheraton Corp.*, 191 DPR 1, 12 (2014) (citando a Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pág. 551; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2ª ed., San Juan, Pubs. JTS, 2011, Tomo IV, pág. 1366; R. Hernández Colón, *Práctica Jurídica de Puerto Rico*, 5a ed., Lexis Nexis, 2010, sec. 4603, págs. 395-397)). Además, "la moción que se presente al amparo de esta regla no puede utilizarse para introducir prueba que estuvo disponible en el juicio o traer nuevas teorías". Íd., pág. 10 (citando a J.A. Cuevas Segarra, *op. cit.*, pág. 1261).

Con respecto a la obligación contractual, el Artículo 1812 del *Código Civil* de 2020 establece que los actos y contratos celebrados bajo el régimen del *Código Civil* de 1930 surten todos sus efectos según la misma. Artículo 1812 del Código Civil de 2020 (31 LPRA. sec. 11717). A esos efectos, el *Código Civil* de 1930 señala que los contratos tienen fuerza de ley y las partes deben cumplir con lo dispuesto en él. Art. 1044 del Código Civil de 1930 (31 LPRA sec. 2994). Para que un contrato sea válido, se requiere el consentimiento de los contratantes, el objeto cierto materia del contrato, y la causa de la obligación. Art. 1213 del Código Civil de 1930, *supra*. De consentirse, el contrato se

perfecciona y desde ese entonces obligará a las partes a cumplir con lo expresadamente pactado y las consecuencias que sean conformes a la buena fe, al uso y a la ley. Art. 1210 del Código Civil de 1930, *supra*. Cónsono con lo anterior, se interpretará un contrato en su sentido literal si sus términos son claros y no dejan duda sobre la intención de los contratantes. Art. 1233 del Código Civil de 1930, *supra*. Sin embargo, de notarse que las palabras en el contrato contradicen la intención evidente de los contratantes, prevalecerá la intención. Íd. Véase, también, Art. 1235 del Código Civil de 1930, *supra*.

Por otro lado, el ordenamiento federal ha determinado que cuando un individuo o una entidad es convicta de haber abusado de la manufactura, distribución o dispensa de sustancias controladas, este podrá perder su propiedad ante el gobierno estadounidense. Véase 21 USC sec. 853(a). Para ejecutar el referido acto, el tribunal federal puede asignar a un *receiver*, quien será el custodio sustituto de la propiedad. Íd., sec.853(e)(2). Aunque existe poco análisis jurídico en el ámbito criminal, los *receivers* en casos civiles tienen discreción de si adoptar los contratos o aceptar los arrendamientos que obligaban las partes contratantes. L. E. Griffith, Jr., "Preexisting executory contracts subject to authority and election of receiver" *en American Jurisprudence*, 2.ª ed., Nueva York, Ed. Lawyers Cooperative Publishing, 2023. Véase, también, *United States Trust Co. v. Wabash W.R. Co.*, 150 US 287 (1893); 16 *Fletcher Cyclopedia of the Law of Corporations* Sec. 7794 (2023) (citando a *Quincy, Missouri & Pacific R. Co. v. Humphreys*, 145 US 82, 102 (1892)).

De adoptar o aceptar un contrato de arrendamiento, el *receiver* será responsable de cumplir con todas las cláusulas y condiciones del

acuerdo. *Fletcher Cyclopedia of the Law of Corporations*, *supra*, Sec. 7794 (citando a *Quincy, Missouri & Pacific R. Co. v. Humphreys*, 145 US 82, 102 (1892)). Por lo tanto, si el *receiver* viola alguna cláusula del contrato, este será responsable por los daños que ocasione. Véase *Fletcher Cyclopedia of the Law of Corporations*, *supra*, Sec. 7795 (citando a *Boston-Continental Nat. Bank v. Wendell Phillips Co.*, 84 F.2d 599 (1st Cir. 1936); *Kennedy v. Boston-Continental Nat. Bank*, 84 F.2d 592 (1st Cir. 1936); *In re Mullings Clothing Co.*, 252 F. 667 (D. Conn. 1918)).

De conformidad con los hechos de este caso, este Tribunal tiene jurisdicción sobre la controversia, pues nos resulta palmario que los argumentos utilizados en la solicitud de reconsideración fueron suficientes y, por efecto, interrumpieron el término para apelar. No obstante, resulta igualmente evidente que el apelado notificó la terminación del contrato al custodio sustituto tal como dispuesto en la cláusula Décimo-Tercera. El *Clerk's Office* tenía la discreción de adoptar o terminar el contrato, es decir, es la parte a quien correspondía remitir cualquier asunto que involucrara la vigencia del contrato de arrendamiento. Aun así, queda claro que el apelante fue igualmente advertido de la terminación del contrato dentro del término acordado. Una evaluación de la cláusula en cuestión demuestra la intención de los contratistas de poder avisarse la terminación y comprobar que la otra parte haya sido notificada del mismo. Por lo tanto, al Isla del Caribe confirmar que fue notificado de la terminación del contrato, así como a partir de la notificación efectuada al *Clerk's Office*, es claro que SUAGM no incumplió su obligación contractual y, por ende, no es

responsable por los daños ocasionados a la propiedad o por el cobro de dinero.

Por los fundamentos expuestos, confirmamos la *Resolución* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones