## C. D. STIMSON CO. v. PORTER.

### In re SAVE–RITE DRUG STORES.

#### No. 4365.

United States Court of Appeals, Tenth Circuit.

March 7, 1952.

Rehearing Denied April 11, 1952.

G. A. Marr, Salt Lake City, Utah (C. W. Wilkins, Salt Lake City, Utah, was with him on the brief) for appellant.

D. A. Skeen, Salt Lake City, Utah, for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal by C. D. Stimson Company from a final order of the District Court of Utah, entered in the matter of Save-Rite Drug Stores, an involuntary bankrupt, affirming an order of the Referee

denying the claim of the appellant based on the breach of a lease of real property.

The following facts are not in dispute: On March 30, 1946, appellant entered into a lease with one Max Ingalls covering an L-shaped building to be constructed by appellant on designated premises fronting on Main and Second South Streets in the City of Salt Lake City, Utah. The lease was to run for a period of approximately ten years, commencing when the building was completed for occupancy and ending at midnight on December 31, 1956. It provided for the payment of a minimum yearly rental of $15,000, in monthly installments of $1250 each and for an additional percentage rental in the event sales exceeded $500,000 per annum.

The lease further provided for return of the leased premises to the lessor upon expiration or sooner termination of the lease in as good condition as when possession was taken; that filing of a petition in bankruptcy should be deemed to constitute a breach of the lease "and thereupon ipso facto and without entry or other action by the lessor this lease shall become and be forfeited; and, notwithstanding any other provisions of this lease, the lessor shall forthwith upon such forfeiture, be entitled to recover damages for such breach." And, the lessee agreed to deposit with the Tracy-Collins Trust Company of Salt Lake City, Utah, the sum of $7,500 "to guarantee the performance" of the lease.

With the consent of the lessor, the lease was assigned by Ingalls to the Save-Rite Drug Stores, which company entered into possession of the leased premises on or about October 1, 1946. On August 8, 1949, a petition in involuntary bankruptcy was filed in the District Court of Utah against the bankrupt Save-Rite Drug Stores, and on August 30, 1949, the Drug Company was adjudged a bankrupt. D. K. Porter, first as Receiver, and later as Trustee, took possession of its assets and of the property of the appellant covered by the lease, and remained in possession of the leased premises until February 1, 1950, when he surrendered possession to the appellant lessor. During this period, and in pursuance to orders of the Referee, the appellant received the agreed minimum rental provided in the lease. Thereafter, and on March 27, 1950, appellant filed its claim for damages for breach of the rental contract in the bankruptcy proceedings, in the sum of $18,000, less the sum of $7,500, held by Tracy-Collins Trust Company as security under the lease.

On hearing, the Referee held that since the lease contract failed to set forth any formula for determining damages upon the "ipso facto" breach of the same by the filing of the petition in bankruptcy, and no Utah case had been found giving a formula to be applied in the circumstances, the applicable and controlling formula in determining damages for the loss of rentals, is the difference between the rental value of the remainder of the lease term and the rental reserved therein, both discounted to present worth. And, applying this formula to appellant's proof the Referee found that the reserved rental of $1250 per month was also the fair rental value of the premises for the remainder of the lease term, and concluded that appellant had suffered no damages by reason of the termination of the lease. The Referee also denied that part of appellant's claim, alleged to have been spent in putting the premises "in as good condition as the same were when taken possession of by the lessee," and for alterations and changes required in re-renting the premises. The Referee was of the view that the appellant had failed to offer proof upon which damages for the breach of the covenant to return the premises in good condition could be computed; and, that under the terms of the lease, the lessee was not liable for the changes and alterations made for the purpose of rerenting the premises. Since in the view of the Referee, no damages had been suffered by the lessor, the $7,500 on deposit with the Tracy-Collins Trust Company was ordered turned over to the Trustee in Bankruptcy, and an order was entered denying appellant's claim in its entirety. On petition to review the District Court adopted the findings and conclusions of the Referee, and affirmed his order based thereon.

The lease having been forfeited under its terms by reason of the institution of bankruptcy proceedings, appellant had a provable claim under Section 63, sub. a (9) of the Bankruptcy Act, as amended June 22, 1938, c. 575, Sec. 1, 52 Stat. 873, 11 U.S.C.A. § 103, sub. a(9), "* * * for damages or indemnity under a covenant contained in such lease * * * in an amount [not] exceeding the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises to the landlord or the date of reentry of the landlord, whichever first occurs, * * * plus an amount equal to the unpaid rent accrued, without acceleration, up to such date: * * *."

The Federal law provides no formula for the ascertainment of the allowable damages. It merely qualifies and limits the lessor's claim for damages to a maximum of one year's reserved rent. See City Bank Farmers Trust Company v. Irving Trust Company, 299 U.S. 433, 57 S.Ct. 292, 81 L.Ed. 324; Rocky Mountain Fuel Co. v. Whiteside, 10 Cir., 110 F.2d 778, 129 A.L.R. 698; In re Benguiat, D.C., 20 F.Supp. 504, at page 507. And, the burden is upon the lessor to prove and substantiate his claim both as to incidence and measure of damages. Palmer v. Connecticut Railway & Lighting Co., 311 U.S. 544, 61 S.Ct. 379, 85 L.Ed. 336; Kessler v. Jefferson Storage Corporation, 6 Cir., 125 F.2d 108; Collier on Bankruptcy, 14th Edition, Vol. 3, par. 63.33, p. 1907.

Subject to the limitations inherent in all contracts, the parties to a rental lease are free to stipulate as to the method for ascertaining the damages sustained by the lessor upon a breach thereof. But, when as here, the parties fail to provide a contractual formula, the principles of damages generally applicable under the law of the state where the contract was made have controlling effect. See Collier on Bankruptcy, 14th Edition, Vol. 3, par. 63.33, pp. 1907 and 1908; Am.Jur., Damages, Vol. 15, § 43, et seq.; 32 Am.Jur., Landlord and Tenant, § 161. Like the trial court and the parties, our search has not uncovered any Utah case prescribing a formula for the ascertainment of damages resulting from an anticipatory breach, or premature termination, of a lease or rental contract. We agree, therefore, with the trial court that the general rule is to the effect that the appellant's damage is measured by the difference between present value of reserved rent and the present fair rental value of the remainder, the two of which are presumed to be the same. Palmer v. Connecticut Ry. Co., 311 U.S. 544, 61 S.Ct. 379, 384, 85 L.Ed. 336; Sedgwick Damages, 9th Ed. § 610. In other words, it is presumed that in the event of a breach that the lessor will be able to rerent the leased premises for the amount of the reserved rent without loss or damage. But, this presumption, as all other presumptions in law and fact, may be dissipated or rebutted by competent and relevant facts.

The appellant was permitted to show that the premises covered by the lease, remained vacant from the time possession was surrendered by the Trustee in Bankruptcy on February 1, 1950, until October 1, 1950, despite all efforts to rent the same. On October 1, 1950, a portion of the premises was rented for the sum of $833.33 per month, but only after material alterations were made. Under the undisputed evidence appellant has been unable to rent the remaining portion of the premises or obtain a prospective tenant. Appellant introduced into evidence a calculation of its rental loss, based upon accumulated rental under the lease, less probable rental to be received, showing a total loss of $16,091.99.

Three witnesses qualified as experienced in the management of business properties testified that, in their opinion, the calculated loss sustained by the appellant by reason of the breach of the lease was most fair to the Trustee. These witnesses testified that the $1250 reserved rental was a fair rental value of the property. But, one stated that it was the present fair rental value, if a tenant could be found; another stated that there was no way of telling how long the property would remain vacant; that the lease contract was made during "peak years" for rentals, and vacancies

were now occurring; that he had encountered difficulty in renting property to the west of the premises described in the lease, but that he would estimate $1250 per month as a present fair rental value for the leased premises "if I could get a tenant at that." The third witness stated that he thought $1250 a fair present rental value, but as stated by witness Whitney "rentals are fixed in the main by the market price of adjoining property in close proximity."

From this testimony it becomes manifest that a judgment based upon the hypothesis that the present rental value of the leased premises is exactly equal to the reserved rent, cannot stand. While certainty of the fact of damage is essential to the right of recovery, the amount of damages is seldom capable of exact proof. "All that can be done is to place before the court such facts and circumstances as are available to enable an estimate to be made based upon judgment and not guesswork." Palmer v. Connecticut Ry. Co., supra; Story Parchment Co. v. Paterson Co., 282 U.S. 555, 563, 51 S.Ct. 248, 75 L.Ed. 544; Eastman Kodak Co. v. Southern Photo Material Company, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684.

Appellant offered proof showing that after termination of the lease and before the property could be rerented, it was required to spend approximately $5600.00 in remodeling the premises, and repairing damage to the interior by reason of the lessee's tenancy. If the lessee breached the covenant in the lease to return the premises in good condition, as contended by appellant, it failed to prove the extent or amount of the damage resulting from such breach. The sum expended on the premises and which appellant seeks to recover, includes the costs of dividing the premises into two rental units, putting in two rest rooms and other major alterations. Undoubtedly, the expenses reasonably necessary in order to obtain a tenant and mitigate damages under the lease should be assessed against the lessee. But, changes like these, of such substantial and permanent character, redounding as they do to the benefit of the lessor, are not proper items of damages.

The judgment is reversed and remanded with directions to enter judgment in conformity with the proof and within the limitations of Section 63, sub. a(9) of the Bankruptcy Act, supra.