John E. Cone, J.
Motion by plaintiff for summary judgment. Plaintiff and defendant entered into a lease for a period of five years from May 1,1957, at a rental of $8,200 per annum, payable in equal monthly installments. Defendant defaulted in payment of the August, 1957, rent and a final order was granted in a summary proceeding for nonpayment thereof. Defendant vacated the premises and has paid no rent subsequent to such removal. The premises were vacant until on or about April 1, 1959, when plaintiff entered into a new lease with another tenant for a term of five years at a rental of $7,500 per annum. The action seeks to recover the difference between the rent covenanted to be paid by defendant to the end of her term and that paid or to be paid by the present tenant to the end of defendant’s term. The answer contains a general denial and two affirmative defenses that defendant refused to relet the. premises and that the execution of the new lease effected a surrender of defendant’s lease by operation of law. In opposing plaintiff’s motion for summary judgment defendant claims that she was constructively evicted from the premises by reason of plaintiff’s failure to maintain sufficient elevator service to enable defendant to conduct her business on the leased premises. Defendant also opposes the motion on the ground that the action is premature.
Plaintiff’s first defense that defendant refused and failed to relet the premises with due diligence is legally insufficient. A *34 “ lessor is not required to lease to another if he have an opportunity ” (Becar v. Flues, 64 N. Y. 518). “ The usual obligation to reduce damages ‘ has no application to a contract of leasing ’ ” (Gray v. Kaufman Dairy & Ice Cream Co., 9 App. Div. 115, 119 ; Sancourt Realty Corp. v. Dowling, 220 App. Div. 660 ; Bishop Co. v. Ward, 36 N. Y. S. 2d 228; Orkin’s Fashion Stores v. S. H. Kress & Co., 68 N. Y. S. 2d 766).
Defendant’s second affirmative defense that the execution of the new lease effected a surrender of defendant’s lease by operation of law is also legally insufficient. Defendant fails to submit any facts in support of such defense and the papers in support of the motion clearly show that there was no surrender of the lease but that defendant was evicted by a final order in a summary proceeding for nonpayment of rent. Furthermore, the lease provides that upon default in payment of rent the landlord might dispossess the tenant by summary proceedings and relet it, the lessee remaining liable for any deficiency.
Defendant’s claim that there was a constructive eviction because of the landlord’s failure to maintain sufficient elevator service is untenable. By remaining in possession until actual eviction by summary proceedings, defendant waived her right to plead constructive eviction (Ashton Holding Co. v. Ross, 98 Misc. 586 ; Cable v. Bonnell, 9 Misc. 154 ; Cornwell v. Sanford, 222 N. Y. 248). Constructive eviction, therefore, is no defense (79th & 3d Realty Corp. v. Weiner, 27 N. Y. S. 2d 693).
Defendant further urges in opposition to the motion for summary judgment that the action is premature and that plaintiff ¡must wait until the expiration of the lease with defendant before suing for any deficiency which may occur. While it is true that after a tenant has been evicted in summary proceedings, the lease is at an end and what survives is a liability, not for rent, but for damages (Hermitage Co. v. Levine, 248 N. Y. 333, 336 ; Kottler v. New York Bargain House, 242 N. Y. 28), and that absent a clause in the lease providing otherwise, any deficiency •in rent may not be ascertained until after the expiration of the leased term (Harding v. Austin, 93 App. Div. 564 ; Halpern v. Manhattan Ave. Theatre Corp., 173 App. Div. 610, affd. 220 N. Y. 655 ; Darmstadt v. Knickerbocker C. & E. S. Co., 104 Misc. 547, revd. 188 App. Div. 129), it is also true that “ ‘ when the parties by their contract provide for the consequences of the breach, lay down a rule to admeasure the damages and agree when they are to be paid, the remedy thus provided must be exclusively followed ’ ” (Ruppert Realty Corp. v. Bank of United States, 156 Misc. 93, 99, citing McCready v. Lindenborn, 172 N. Y. 400, 409). The lease between the parties provides that *35 the lessee “ shall also pay Landlord as liquidated damages for the failure of Tenant to observe and perform said Tenant’s covenants herein contained, any deficiency between the rent hereby reserved and/or covenanted to be paid and the net amount, if any, of the rents collected on account of the lease or leases of the demised premises for each month of the period which would otherwise have constituted the balance of the term of this lease.” It further provides: “ Any such liquidating damages shall be paid in monthly instalments by tenant on the rent day specified in this lease and any suit brought to collect the amount of the deficiency for any month shall not prejudice in any way the rights of landlord to collect the deficiency for any subsequent month by a similar proceeding.” A liability for damages resulting from a reletting is single and entire, not multiple and several, unless the parties otherwise agree (Ruppert Realty Corp. v. Bank of United States, supra). The lease sued upon provides for ascertainment monthly of any deficiency and the payment of such deficiency “ on the rent day specified in the lease.” Plaintiff, therefore, is entitled to presently maintain this action for the deficiency between the rent reserved and the proceeds of reletting to the time of the commencement of this action (Hines v. Bisgeier, 244 App. Div. 354). Plaintiff, however, is not entitled to recover for any future deficiencies in this action. While Hackett v. Richards (13 N. Y. 138), cited by plaintiff, would seem to indicate that plaintiff may maintain an action for damages from the time of plaintiff’s default to the end of the term of the lease and that plaintiff may credit defendant with the amount anticipated to be received under the subsequent reletting, the decision therein was not predicated upon such a holding and the court was careful to point out (p. 142) that the defendant sued therein was not compelled ‘ ‘ to pay faster than he would have been by the terms of the primary covenants.” The court has found no authority and none has been called to its attention, which would support plaintiff’s theory of damages. On the contrary, Hines v. Bisgeier (supra) and Ruppert Realty Corp. v. Bank of United States (supra) hold that the deficiency is to be ascertained when the term is at an end unless the lease provides otherwise. Since the instant lease provides for the liability of the tenant and the rights of the landlord in the event of default and removal of the tenant by summary proceedings, the parties are bound by the covenant pertaining thereto. As has been pointed out, such covenant provides for the payment of any deficiency monthly.
The defenses set up in the answer being insufficient in law and there being no triable issue raised by the pleadings nor any showing that defendant has a meritorious defense to the action, *36 the motion is granted to the extent of granting partial summary judgment and for assessment of damages to the time of the commencement of this action.
Motion granted as indicated. Settle order.