■ GADEK INC., et al., Respondents-Appellants, v. F. W. B. CORPORATION et al., Appellants-Respondents.— Judgment unanimously modified on the facts and the law, by vacating so much thereof as gives judgment to plaintiffs, dismissing the complaint herein and dismissing counterclaim insofar as it grants recovery to defendant Bishop, and otherwise affirmed, with one bill of $50 costs and disbursements to defendants against plaintiffs. Plaintiffs sue for wrongful eviction. Defendant corporation counterclaims for unpaid rent accrued prior to the alleged eviction. There are so many defects in the plaintiffs' claim that it would be unnecessarily burdensome to set forth all of them. On the merits it appears that the tenant corporation was in arrears $2,350 on a lease calling for $150 monthly. In this situation, after repeated requests for payment plaintiff's president wrote a letter in which he acknowledged the landlord's unusual forbearance, and stated that as he was unable to make payment he was enclosing the key to the premises. Following this communication, the so-called eviction took place. This letter amounted to a surrender of the premises (see *Gray* v. *Kaufman Dairy & Ice Cream Co.*, 162 N. Y. 388, 394). Thereafter the landlord had the right to re-enter (*Cohen* v. *Carpenter*, 128 App. Div. 862; Wood, Landlord and Tenant, § 540). The lease was terminated and plaintiffs had no right to possession with which there could be any interference. No practical question is presented by the failure of any plaintiff to retrieve any personalty left in the premises. There is no dispute that the property so left has been made available to plaintiffs. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ.

■ VIRGINIA DANKO, Respondent-Appellant, v. F. W. WOOLWORTH Co. et al., Appellants-Respondents.— Order entered September 21, 1965, sustaining the first cause of action and dismissing the second cause of action, unanimously modified, on the law and in the exercise of discretion, to the extent of dismissing the first cause of action and granting leave to plaintiff to apply at Special Term for leave to replead such cause or causes of action as she may wish to assert; and said order, as so modified, is affirmed, without costs or disbursements to any party. Plaintiff's allegations, if ultimately proven, indicate the existence of a cause of action in one or more tort areas. Proper consideration of the viability of her pleading is hindered, however, by the failure to separate causes of action (see *Ruza* v. *Ruza*, 286 App. Div. 767, 769), and that failure, unless corrected, is likely also to produce confusion at the trial. In repleading it should not be taken for granted, in our opinion, that the corporate defendant is necessarily responsible for every type of tortious act which may be ascribed to the individual defendant. We are also of the view, with regard to the slander cause, that the words quoted in the complaint — and any repleading in slander should be limited to the particular words complained of (CPLR 3016) — would be actionable per se if uttered in such a factual context that listeners would reasonably infer connotations of moral turpitude (cf. *Hinsdale* v. *Orange County Pub.*, 17 N Y 2d 284). In this regard it would be advisable for plaintiff to set forth in *haec verba* the " other words of a similar nature and meaning" presently pleaded in paragraph 22 of the complaint. Concur — Botein, P. J., Rabin, McNally and Steuer, JJ.