■ 930 Fifth Corporation, Respondent, v Wilma V. King, Appellant.—Order of the Supreme Court, New York County, entered November 21, 1975, granting plaintiff's motion for summary judgment, unanimously reversed, on the law, the motion denied and the complaint dismissed, with $60 costs and disbursements to appellant. Plaintiff, a co-operative apartment corporation, instituted suit against defendant, one of its tenant shareholders, to recover $15,898 for attorneys' fees and disbursements incurred in a successful summary proceeding resulting in defendant's conditional eviction. On appeal in the summary proceeding, this court held that defendant's harboring of a dog was a knowing and willful lease violation (40 AD2d 140). The pivotal issue on appeal is whether the claim for counsel fees may be maintained in a separate action or whether such claim must be asserted in the summary proceeding. The lease provided that "[i]f the lessee shall at any time be in default hereunder and the lessor shall incur any expense (whether paid or not) * * * in instituting an action or proceeding based on such default, the expense thereof to the lessor, including reasonable attorneys' fees and disbursements, shall be paid by the lessee to the lessor, on demand, as additional rent." In *379 Madison Ave. v Stuyvesant Co.* (242 App Div 567, affd 268 NY 576), plaintiff landlord, after dispossessing the defendant and its undertenant in summary proceedings, brought action to recover the amount paid to its attorneys for services and disbursements in the litigation. The lease provided that if the tenant was in default and the landlord instituted a summary proceeding, the tenant would reimburse the landlord for the expense of reasonable attorneys' fees and disbursements incurred by the landlord, and so long as the tenant remains a tenant, the

amount of such expenses shall be deemed to be additional rent and shall be due the first day of the month following the incurrence of such expense. Defendant argued that the claim for attorneys' compensation must be brought in the summary proceeding, for to do otherwise would result in a splitting of causes of action. This court disagreed and determined (p 569), that the lease provision was in the nature of a contract of indemnity against loss which does not give rise to an action until the loss or damage has been paid. As an action for reimbursement could not be maintained until plaintiff had paid its attorneys after the summary proceeding, plaintiff's failure to assert the claim in the previous action did not result in a bar to a separate action for fees. Much more recently, in *Columbia Corrugated Container Corp. v Skyway Container Corp.* (37 AD2d 845, affd 32 NY2d 818), it was held that failure to assert a claim for attorneys' fees as a counterclaim in an action for declaratory judgment resulted in a bar to that claim. The lease provisions provided that (37 AD2d 845, *supra)* should it become necessary for landlord to enforce any provision of the agreement, "landlord shall be entitled as further additional rent [to] all necessary disbursements including reasonable counsel fees required for the institution or maintenance of such actions or proceedings * * * which shall be paid on or before the next installment of rent thereafter to become due." Three years after the lessor was successful on its counterclaim and two years after lessee had vacated the premises, lessor paid the attorneys' fees and brought action to recover for such payment. The court held that the lessor had the right to demand and recover reasonable counsel fees in the action for declaratory judgment and the failure to do so resulted in a splitting of its cause of action and barred recovery. The court distinguished *379 Madison Ave. v Stuyvesant Co. (supra),* saying that, unlike the lease in *Columbia Corrugated,* the lease provision therein was one to "reimburse" and being in the nature of a contract of indemnity, required the expenditures to be paid before the landlord could seek recovery. In affirming, the Court of Appeals stated *(supra,* p 819), that "[t]o the extent that the determinations below are inconsistent with the holding in *379 Madison Ave. v. Stuyvesant Co. [supra],* that decision must be deemed overruled." The essential distinction between *379 Madison Ave. v Stuyvesant Co. (supra)* and *Columbia Corrugated Container Corp. v Skyway Container Corp. (supra)* is that in the former the court determined that the lease provision permitted action to be brought only after payment was made of the attorneys' fees, and in the latter, the court interpreted the lease provision as allowing action to be brought after the fees were *incurred,* payment not being a prerequisite. In the instant case, the lease specifically allows an action to be brought on demand at any time after the fees are incurred, regardless of whether or not payment has been made. Accordingly, under *Columbia Corrugated,* the time to assert the claim was in the summary proceeding, and the failure to do so creates a bar to the action. Furthermore, our reading of *Columbia Corrugated* requires a finding that the Court of Appeals interprets clauses providing for attorneys' fees as giving rise to a cause of action upon incurrence, unless the clause specifically requires payment prior to a request for reimbursement. Concur —Kupferman, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.