■ HARRY B. HELMSLEY, Doing Business as SOUTH WALL VENTURE, Respondent, v ANDERSON CLAYTON & Co. (INCORPORATED), Appellant.—Judgment, Supreme Court, New York County, entered December 15, 1976, after bench trial, is unanimously modified, on the law, to the extent of vacating so much of the judgment as awards attorneys' fee of $35,000 (together with applicable interest), and remanding the attorneys' fees portion of the case for trial and determination and award to plaintiff of the value of attorneys' services reasonably necessary and rendered in connection with efforts to collect rent for the period July 1, 1974 to May 31, 1975, and severing the action accordingly, and the judgment is otherwise affirmed, without costs and without disbursements. Even assuming *arguendo* an obligation on a landlord to mitigate damages, that obligation does not apply here because the premises were leased to and occupied by the defendant's subtenant (or as defendant refers to it, defendant's assignee) under a lease obligating said subtenant to pay rent to third parties (Kaufman and Feil); the prime lease between plaintiff and defendant was never terminated; nor did plaintiff obtain possession of the demised premises. In such circumstances there was no way for plaintiff to mitigate damages. (Indeed defendant apparently had just as much duty and opportunity to mitigate as plaintiff.) The obligation to pay attorneys' fees being made an additional rent obligation, it can only be recovered in the same action in which the claim for rent for the applicable period results in judgment on the merits. *(930 Fifth Corp. v King,* 54 AD2d 636.) Action No. 1 for rent for the period July 1, 1974 through February 28, 1975, and Action No. 2 for rent for the period March 1, 1975 to May 31, 1975, were consolidated. The judgment in the consolidated action, now under review, is thus the first judgment on the merits for rent for the period July 1, 1974 to May 31, 1975. Accordingly, plaintiff may only recover his attorneys' fees for services applicable to collection of rent for that period, and not for any prior period. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.