OPINION OF THE COURT
Lorraine S. Miller, J.
Plato inquired "Must not all things at the last be swallowed up in death?” The defendant landlord herein contended at trial that one relationship is eternal, sacrosanct and inescapable ... a lease with one’s landlord!
The daughter administratrix of deceased tenant sued herein to recover two months’ security, $424.53, from her mother’s landlord. Death had occurred March 17, 1978; contents of apartment were removed and keys surrendered and accepted March 28, 1978; reletting occurred April 3, 1978 at an increased rental of $15 per month, commencing May 1, 1978, over the rental in deceased’s unexpired lease which still had 13 months to run. Defendant has retained all of the security except $27.22 which the administratrix refused to accept.
The issue before this court (which seems to have escaped previous judicial scrutiny) is whether a vacancy resulting from a tenant’s death, as distinguished from a volitional abandonment, effects a cancellation of the lease by operation of law, particularly where, as here, the keys and possession were properly surrendered and accepted, and rerental occurred at a higher sum almost immediately.
A surrender by operation of law will normally relieve a tenant of any subsequently accruing rents after the effective date of surrender. (Gray v Kaufman Dairy & Ice Cream Co., 152 NY 388.) An effective surrender is usually accomplished by an agreement of the parties or by an unequivocal act evidencing that they consider a surrender has been made. (Dagett v Champney, 122 App Div 254; New Amsterdam Cas. Co. v National Union Fire Ins. Co., 151 Misc 894, affd 241 App Div 813, affd 266 NY 254.) The return of the keys by the tenant is not sufficient by itself and must be accompanied by an act of acceptance such as a resumption of possession for the landlord’s benefit. (Gadek Inc. v F. W. B. Corp., 26 AD2d *627 807; Present Co. v Tamasauskas, 210 App Div 786; Creighton v Winfree, 187 NYS 72; Rasch, New York Landlord and Tenant, §§ 869, 870.) The facts herein indicate a surrender and a cancellation of the relationship by operation of law as well as the creation of a new estate which benefited the defendant.
The court is aware that the lease of the deceased contained a rerental provision permitting the landlord to re-enter and relet the premises as the agent of the tenant in the event of a vacancy or the tenant’s dispossession, with the tenant remaining liable for rent and reletting costs. Since death of a principal terminates a previously created agency, an agency cannot spring into being after the death of the ostensible principal. (Weber v Bridgman, 113 NY 600; Farmer’s Loan & Trust Co. v Wilson, 64 Hun 194.)
Accordingly, the court rejects defendant’s allegation that it was acting as agent for deceased when it rerented the apartment.
Defendant similarly contends that the common-law rule is that landlord has no duty to relet abandoned premises to minimize the former tenant’s damages. While that appears to have been the law from hoary days of yore (Becar v Flues, 64 NY 518), we have recently seen some enlightened and more equitable judicial commentary on that issue. (Lefrak v Lambert, 89 Misc 2d 197, mod 93 Misc 2d 632; Bevson v Iowa Bake-Rite Co., 207 Iowa 410; Helmsley v Clayton & Co., 60 AD2d 808; International Trust Co. v Weeks, 203 US 364.) In light of the facts in this case — death vis-á-vis abandonment and reletting at a higher rent — this court need not waddle into the already muddled area of "obligation to mitigate damages”. It is recommended however, as a subject of legislative inquiry.
The court wishes to emphasize the lease was not terminated by eviction after summary proceedings as in Malvin v Klein (102 Misc 2d 1082) and Bedford Myrtle Corp. v Martin (28 Misc 2d 33). Nor did deceased abandon her apartment deliberately and stealthily move out in the dead of night to defeat landlord’s rights. Rather, she left her home (and this world) involuntarily and to forfeit the security under the facts of this case would be tantamount to imposing a penalty for dying!
Similarly the court finds that the various provisions in paragraph 12 of the lease decreeing that delivery or acceptance of keys, and acceptance of rent, rerenting or resumption of possession "or any other acts” shall not be deemed a *628 surrender of the lease are unconscionable under section 235-c of the Real Property Law and of no force and effect herein.
Finally, the court notes that paragraph 33 of the lease states "the tenant has been advised that this apartment became vacant subsequent to June 30, 1971 and is decontrolled”. In actuality this very tenant had first moved into the apartment in 1967, remained in continuous occupancy and should have been charged "controlled” rents as a statutory tenant and should not have made subject to the "stabilized” rent increases imposed by defendant. The court, therefore, finds that the instant lease was void ab initia.
Judgment in favor of plaintiff for $424.53. Parties may call for exhibits at clerk’s office.