In re W.T. GRANT COMPANY, Bankrupt.

No. 81 Civ. 6406 (JES).

United States District Court, S.D. New York.

Feb. 7, 1984.

**940**

Weil, Gotshal & Manges, New York City, for trustee of estate of Grant/appellee; Alan Lipkin, David J. Ciminesi, New York City, of counsel.

Levin & Weintraub, New York City, for Kimcoast of Eagleville Inc./appellant; Elias Mann, Paul H. Silverman, New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge:

This is an appeal from a decision of the bankruptcy court granting summary judgment to the debtor, W.T. Grant Company (Grant), against appellant, Kimcoast of Eagleville, Inc. (Kimcoast), and dismissing Kimcoast's claim for damages in the amount of $56,595.44. *See In re W.T. Grant Co.,* 13 B.R. 198 (Bkrtcy.S.D.N.Y. 1981) (Galgay, J.).

### FACTS

Kimcoast, as landlord, and Grant, as tenant, entered into a lease agreement for certain premises on August 31, 1970 (the "Grant Lease"). Thereafter, on October 2, 1975, Grant commenced arrangement proceedings under Chapter XI of the Bankruptcy Act (the "Act"), 11 U.S.C. §§ 701–799 (1976). As a result of Grant's filing under Chapter XI, Kimcoast moved for rejection and disaffirmance of the Grant Lease on April 7, 1976. On April 13, 1976, Grant was adjudicated a bankrupt, and a Trustee in bankruptcy was appointed. By order of the bankruptcy court dated April 14, 1976, the Grant Lease was disaffirmed and rejected.[1] The Trustee vacated the premises on April 23, 1976. On April 20, 1976, Kimcoast relet the premises to the S.S. Kresge Company (Kresge) for a term commencing July 16, 1976 and terminating July 31, 1999 (the "K-Mart Lease").

On September 15, 1976, Kimcoast filed a proof of claim against the estate of Grant under section 63(a)(9) of the Act.[2] 11 U.S.C. § 103(a)(9). Later, it sought to establish its claim under section 63(a)(4) as well, on a theory of express contract.[3] 11 U.S.C. § 103(a)(4). Kimcoast claimed damages of $601.78 for unpaid prepetition rent and $56,595.44 for rent which accrued during the 2.72 month period when the premises had been vacant prior to the commencement of Kresge's tenancy.

The Trustee moved pursuant to Bankruptcy Rule 756 for summary judgment disallowing and expunging Kimcoast's claim.[4]

---

1. Under section 63(c) of the Act, the rejection of an unexpired lease constitutes a breach of the lease as of the date of the filing of the petition initiating a proceeding under the Act. 11 U.S.C. § 103(c).

2. Section 63(a) provides that, "Debts of the bankrupt may be proved and allowed against his estate which are founded upon ... (9) claims for anticipatory breach of contracts, executory in whole or in part, including unexpired leases of real or personal property ...." 11 U.S.C. § 103(a).

3. Subdivision (4) of section 63(a) permits claims to be asserted against the debtor's estate which are based upon "an open account, or a contract express or implied ...." 11 U.S.C. § 103(a)(4).

4. Bankruptcy Rule 756 makes Rule 56 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings.

Kimcoast cross-moved for summary judgment allowing its claim, directing the Trustee to make a distribution, and disallowing the motion of the Trustee. The bankruptcy court granted the Trustee's motion and dismissed Kimcoast's claim for the $56,595.44 for rent lost while the premises were vacant. The court also found that material facts were in dispute regarding the claim for $601.78 in pre-petition rent and denied summary judgment to both parties with respect to it. Kimcoast appeals only from the bankruptcy court's dismissal of its claim for $56,595.44.

The bankruptcy court found that Kimcoast could not recover damages under section 63(a)(4) on an express contract theory because the provision in the Grant Lease upon which it relied did not apply in a bankruptcy context.[5] *In re W.T. Grant Co.,* 13 B.R. at 201. It also ruled that, in the absence of a lease covenant governing damages recoverable in a bankruptcy context, Kimcoast was not entitled to recover under section 63(a)(9) because it had suffered no actual damage as a result of Grant's breach. *Id.* at 201–02. On appeal, Kimcoast contends that the bankruptcy court erred in finding that paragraph 17a of the Grant Lease did not apply in a bankruptcy context and in concluding that paragraph 17a did not entitle Kimcoast to recover damages for the monthly deficiencies in rent that accrued while the premises were vacant.

## DISCUSSION

Under section 63(a)(9) of the Act, a claim may be asserted by a landlord of real property against the estate of a debtor based upon the anticipatory breach of executory contracts, including unexpired leases. 11 U.S.C. § 103(a)(9). However, in such a case, the Act itself does not provide a formula for ascertaining the appropriate measure of damages.[6] *E.g., In re Crawford Clothes, Inc.,* 434 F.2d 399, 402 (2d Cir. 1970); *C.D. Stimson Co. v. Porter,* 195 F.2d 410, 413 (10th Cir.1952). Therefore, absent a specific damage provision in a lease, courts apply the rule enunciated by the Supreme Court in *City Bank Farmers Trust Co. v. Irving Trust Co.,* 299 U.S. 433, 57 S.Ct. 292, 81 L.Ed. 324 (1937), *i.e.,* that the measure of damages which the landlord may recover as a result of the tenant's breach is "the difference between the rental value of the remainder of the term and the rent reserved, both discounted to present worth." [7] *Id.* at 443, 57 S.Ct. at 297; *see Kuehner v. Irving Trust Co.,* 299 U.S. 445, 450, 57 S.Ct. 298, 301, 81 L.Ed. 340 (1937). Thus, the landlord may recover only actual damages suffered as a result of the tenant's breach. *C.D. Stimson Co. v. Porter,* 195 F.2d at 413; *see In re D.H. Overmyer Co., Inc.,* 10 C.B.C. 17, 22 (Bankr.S.D.N.Y.1976)

---

5. Kimcoast argued that Grant agreed, in paragraph 17a of the lease, to pay the rent which accrued during the period of time the premises were vacant. Paragraph 17a contains a survival of damages covenant, which provides in pertinent part:

   ... If any default of the Tenant hereunder shall continue uncorrected for thirty (30) days after notice thereof from the Landlord, the Landlord may by giving notice to the Tenant ... (a) terminate the lease, or (b) re-enter the demised premises by summary proceedings or otherwise, expelling the Tenant and removing all property therefrom and relet the premises at the best possible rent obtainable ... but the Tenant shall remain liable for the equivalent of the amount of all rent reserved herein less the avails of reletting, if any, after deducting therefrom the reasonable cost of obtaining possession of the premises ... *all monthly deficiencies so payable by the Tenant shall be paid monthly*

on the date herein provided for the payment of rent. (Emphasis added.)

6. Section 63(a)(9) does contain a provision limiting the amount of damages recoverable from the debtor to "the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises to the landlord or the date of reentry of the landlord, whichever first occurs ...." 11 U.S.C. § 103(a)(9). That limit, however, is not relevant to the instant case since the damages claimed by Kimcoast do not exceed it.

7. It is presumed, absent evidence to the contrary, that the present value of the remainder of the term equals that of the rent reserved in the rejected lease. *Palmer v. Connecticut Railway & Lighting Co.,* 311 U.S. 544, 558, 61 S.Ct. 379, 383, 85 L.Ed. 336 (1941); *C.D. Stimson Co. v. Porter,* 195 F.2d at 413; *see In re D.H. Overmyer Co., Inc.,* 10 C.B.C. 17, 22 (Bankr.S. D.N.Y.1976).

(construing section 353 of Chapter XI);[8] 3A Collier on Bankruptcy ¶ 63.33[2.4], at 1946 (14th ed. 1975).

■ Applying this formula, it is clear that Kimcoast suffered no actual damages in this case. Indeed, as the bankruptcy court correctly found, Kimcoast actually *benefited* by reletting the premises to K-Mart because the minimum aggregate rentals owing under the K-Mart Lease for the period encompassed by the Grant Lease exceed the amount reserved in the remainder of the Grant Lease by $550,000. *In re W.T. Grant Co.*, 13 B.R. at 202.

Kimcoast does not challenge that conclusion. Instead it argues here, as it did below, that the survival of damages covenant contained in paragraph 17a of the Grant Lease sets forth the applicable measure of damages and entitles it to recover for the 2.72 months during which the premises were vacant.[9]

Judge Galgay acknowledged that "if the Grant Lease had contained a valid damage or indemnity covenant applicable in bankruptcy as the claimant alleged, Kimcoast could have elected to claim damages under that covenant." *In re W.T. Grant Co.*, 13 B.R. at 201; *accord In re Crawford Clothes, Inc.*, 434 F.2d 399, 402 (2d Cir.1970). He correctly concluded, however, that paragraph 17(a) had no applicability when the alleged default resulted from the initiation of bankruptcy proceedings. 13 B.R. at 201.

■ While some courts have applied a provision such as paragraph 17a in a bankruptcy context where that provision was either made expressly applicable in the event of the tenant's bankruptcy or the lease contained a separate bankruptcy provision which incorporated such a damage provision contained elsewhere in the lease, *see Irving Trust Co. v. A.W. Petty, Inc.*, 293 U.S. 307, 309–10, 55 S.Ct. 150, 150, 79 L.Ed. 379 (1934); *In re Crawford Clothes, Inc.*, 434 F.2d 399, 402 (2d Cir.1970); *In re Plywood Company of Pennsylvania*, 425 F.2d 151, 154 (3d Cir.1970); *In re Globe Solvents Co.*, 397 F.Supp. 544, 545 (E.D.Penn.1975); *In re City Stores Co.*, 23 B.R. 201, 203–04 (Bkrtcy.S.D.N.Y.1982), neither circumstance exists in this case. Paragraph 17a does not refer to bankruptcy at all, and paragraph 17b—which expressly applies in the event that the tenant becomes bankrupt or insolvent—neither contains its own damages covenant nor incorporates the one contained in paragraph 17a.

The order of the bankruptcy court dismissing Kimcoast's claim is therefore affirmed.[10]

SO ORDERED.

---

8. Sections 63(a)(9) and 353 contain similar provisions governing claims for rejection of unexpired leases, and cases construing section 353 are analogous to cases under section 63(a)(9). *See, e.g., In re City Stores Co.*, 23 B.R. 201, 203 n. 7 (Bkrtcy.S.D.N.Y.1982); 9 Collier on Bankruptcy ¶ 7.15(2), at 72.

9. Paragraph 17a provides that, in the event of a default by the tenant and either termination of the lease or reentry by the landlord, the tenant remains responsible for the monthly payment of monthly rental deficiencies. *See* note 5 *supra*.

10. On appeal, Kimcoast argues for the first time that a factual hearing should be held by the bankruptcy court to determine the intentions of the parties regarding the applicability of the damages covenant in paragraph 17a in the event of bankruptcy or insolvency. However, having taken the position in the bankruptcy court that there were no material issues of fact with respect to its motion for summary judgment, Kimcoast may not now properly contend that such a *factual hearing is required.* Furthermore, this Court finds paragraphs 17a and 17b to be clear and unambiguous and concludes therefore that there are no factual issues that could properly be resolved on remand.